IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK T. LASKER                                                                                           PLAINTIFF

4:25-cv-00590-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Mark Lasker, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance. Both parties have submitted briefs, Plaintiff has replied, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-seven years old.  (Tr. 251.)  He is a high school graduate (Tr. 36) and has past relevant work as a vacuum operator and cleaner.  (Tr. 20.)

The ALJ[1] found Mr. Lasker had not engaged in substantial gainful activity since June 30, 2022 - the alleged onset date – through June 30, 2022, the date he was last insured.  (Tr. 15.)  He has "severe" impairments in the form of "degenerative disc disease of the lumbar spine, status-post January 2022 placement of a spinal cord stimulator; degenerative disc disease of the thoracic spine; sciatica; neuropathy; type II diabetes mellitus; obesity; and gout."  (*Id.*) The ALJ further found Mr. Lasker did not have an impairment or combination of impairments meeting or equaling

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16-17.)

The ALJ determined Mr. Lasker had the residual functional capacity (RFC) to perform a reduced range of light work given his physical impairments. (Tr. 17.) Given this RFC, the ALJ determined Plaintiff could no longer perform his past relevant work. Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based in part on the testimony of the vocational expert, (Tr. 50-52), the ALJ determined Mr. Lasker could perform the jobs of marker and router. (Tr. 22.) Accordingly, the ALJ determined Plaintiff was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-9.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ's RFC was flawed. (Doc. No. 7 at 12-21.) He first argues that the ALJ failed to assess Plaintiff's RFC in the "function-by-function" manner required by Social Security Ruling (SSR) 96-8p. (*Id.* at 12-17.) Specifically, Plaintiff says, the ALJ failed to consider his limitation in his ability to walk or stand because, "Had the ALJ properly assessed Lasker's ability to stand and walk in the workplace, he would have found him capable of no more than sedentary work, necessitating a finding of disability under the Medical-Vocational Guidelines." (*Id.* at 12-13.)

The Commissioner counters that, "While the regulations require an ALJ to separately consider a claimant's ability to sit, stand, lift, carry, push, and pull. . . when an ALJ specifically addresses the abilities in which the claimant actually experiences a limitation, but is silent as to

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

those areas in which he finds no limitations, the reviewing court should believe that the ALJ implicitly found no limitation in the latter areas." (Doc. No. 9 at 5.) Plaintiff makes a fair point. But I agree with the Commissioner's analysis on this point.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Importantly, the objective medical evidence supports the ALJ's determination that Plaintiff can perform work at the light exertional level. Plaintiff mainly focuses on the subjective allegations made to his doctors. (Doc. No. 7 at 12.) But the objective medical examinations fail to show anything that would preclude Plaintiff from performing work at the light exertional level. (*See e.g.* Tr. 437, 441-42, 454, 456, 459, 534, 549, 565, 783-84, 792, 799-800, 807, 814-15, 825-26, 830-31, 839-40, 849, 886, 890, 895, 900, 922-23, 941, 1134-35, 1142-43, 1150-51, 1159, 1199, 1223.)

I recognize some of the objective imaging supports Plaintiff's claims. However, overall, the imaging fails to support an allegation of complete disability. (Tr. 474, 480, 481, 483, 528, 529, 609, 611, 613.)

I also recognize that Plaintiff's treating doctor, James Tilley, M.D., initially reported in August 2019 that Plaintiff was "working in [a] landscaping business." (Tr. 356.) In August 2021 and June 2022, he was reportedly working "full time with landscaping." (Tr. 96.) And later in May and October 2023, Dr. Tilley reported Plaintiff was "Working full time with landscaping."

(Tr. 1059, 1167.)  This is inconsistent with an allegation of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). The ALJ could rightly conclude Plaintiff was not disabled.

Plaintiff is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

Plaintiff also argues that the ALJ failed to explain why the push and pull with his lower extremities limitation opined by Rita Allbright, M.D. and Janet Cathey, M.D., was not included in the RFC.  (Doc. No. 7 at 17-21.)  Drs. Allbright and Cathey concluded Plaintiff was "Limited beyond lift and/or carry" for "Push and/or pull in lower extremities," (Tr. 98, 108), and the ALJ found their opinions to be "generally persuasive."  (Tr. 20.)  So, Plaintiff says, it should have been included in the ALJ's RFC.

The Commissioner counters:

> Here, although the ALJ did not adopt Drs. Albright's and Cathy's opinions regarding pushing or pulling with the lower extremities, he explained why he included no additional limitations involving the lower extremities in his evaluation of these opinions (Tr. 20). For instance, the ALJ stated that Plaintiff's "neuropathy appeared amenable to proper medical management, as there 'was significant improvement in his lower extremity pain' following placement of the stimulator"

> (Tr. 20, citing Tr. 509). The ALJ also referenced examination findings showing normal gait, strength, and range of motion (Tr. 20).

(Doc. No. 9 at 11.)

I find the Commissioner's response to be highly persuasive. Additionally, for the same reasons already recited, I find the ALJ's decision is supported by substantial evidence. And Plaintiff provides nothing from the medical record that suggests he is limited in pushing and pulling with his lower extremities.

Plaintiff clearly suffers from some degree of limitation given the longstanding issues with his back. However, the objective medical records support the ALJ's conclusions here.

Plaintiff's counsel has done an admirable job advocating for his rights in this case. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 14th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE